IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
<u>LUFKIN DIVISION</u>

| | | |
|---|---|---|
| DARYL DAVIS   TDCJ-ID#802738 | § | |
| VS. | § | Civil Action No.9:07cv19 |
| DIRECTOR  TDCJ-ID  ET AL. | § | |

<u>PLAINTIFF'S MOTION FOR SANCTION(S)</u>
~~AGAINST THE DEFENDANTS~~

To The Honorable Judge of said Court:

   Comes Now the Plaintiff, Daryl Davis, in Accordance with Rule 37 (B)(4), Fed.R.Civ.P., moves this Court to issue sanction(s) against the Defendants for their evasive, and contumacious conduct by refusing to fully cooperate during discovery, as compelled by this Court's order of August 28,2007. Defendant's disclosure have been carefully sanitized to obstruct Plaintiff's ability to present his case, by concealing documents.

   I. <u>Defendant's With-Holding Relevant Material</u>:

(1) As made known to Defendant's the disclosure requested, the Defendant's have intentionally refused to disclose Photographs taken of the Plaintiff's injuries by security officer Lt.Lawrence, as well as Photographs of the assault crime scene taken by STG officers D.Dezeeuw, and K.Price on B-Pod 1 sec. <u>May 30,2006</u>.

(2) D.Dezeeuw, interviewed and investigated Plaintiff's claims, yet his findings, or TDCJ's Policies and Procedures that will form the basis of his testimony, or report have not been disclosed to Plaintiff;

(3) Sgt.S.Neal, conducted an investigation of Plaintiff's claims, his

findings, or report have not been disclosed to Plaintiff, coupled with his testimony to the fact, TDCJ's Policies and Procedures, See (Defendant's initial disclosure).

(4) Defendant's failed to fully disclose the follow-up medical records of Plaintiff's injuries (e.g., "Reports by Dr.Thompson, and Nurse Sick call treatments).

(5) Defendant's failed to disclose the disciplinary (I-210 form) and (I-47A form) it's finding on Plaintiff's attacker "Stanley Williams, TDCJ#1326883", These documents will substaniate Plaintiff's claims of a conspiracy and cover-up of the assaults by the Defendant's, where case #20060278077, donot reflect what actually occured.

(6) Defendant's failed to disclose Capt.Mares investigative report or findings to Plaintiff, and have concealed TDCJ-SPP Policies and Procedures that will form the basis of Capt.Mares testimony, Pursuant to Rules 26 (a)(2) and 26 (B)(4), Fed.R.Civ.P., Also See (Defendant's initial-disclosure to Plaintiff witness list).

(A) Defendant's failed to disclose the classification board's findings, investigation, or designations placed in Plaintiff's files from the assaults that form this lawsuit. (e.g., "notations made on travel card" routinely made by the UCC, and SCC).

(7) Defendant's have refused to disclose to Plaintiff the names and TDCJ Numbers of Prisoner's who witnessed Plaintiff's assault on May 27, 2006, on Four Building F-Pod-one section; and the second assault on Three Building B-Pod-one section, on May 30,2006. (These potential witnesses were also requested in Plaintiff's Production of Document to Defendants on 8/8/07:

(A) Defendant's failed to disclose the employee duty roster during the

above assaults, and sections of Three and Four Building(s) listed above in number seven;

(B) Defendant's failed to disclose the Policies and Procedures of the findings/investigation of the Inspector General.

(9) The Defendants have disclosed numerous Prison officials it will likely use as witnesses. One or-more of Defendant's witnesses will be used as an expert, yet the idenity or the evidence that will form the basis of the expert's testimony have not been disclosed accord Rules 702, 703, and 705 Fed.R.Evid. Justice cannot be served by Defendant's sandbagging and with ambush tactics.

Rules 37 (b) Fed.R.Civ.P., Permitts Court's several options in dealing with a disobedient party, e.g., "Assessment of monetary sanctions; Barring the disobedient party from pursuing certain claims or submitting certain evidence; striking out pleadings or parts of them or entering a Default Judgement against the disobedient party." See Green V. District of Columbia 134 F.R.D. 1, 3-4 (D.D.C.1991). It should be noted, this Court ordered Defendant's to comply with Plaintiff's document request 8/28/07. Where a party has willfully refused to comply with an order compelling discovery, See National Hockey League V. Metropolitan Hockey Club, Inc., 427 U.S. 639,643, 96 S.Ct.2778(1975).

The United States Supreme Court has construed the discovery Rule "Broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case, Oppenheimer Fund, Inc. V. Sander, 437 U.S. 340,351, 98 S.Ct. 2380(1978).

Plaintiff's requested materials is relevant to the subject matter of this lawsuit; The Defendants have not objected to these materials as being privileged. Thus, Plaintiff's request is within the scope of Federal Court

Discovery, set forth in Rule 26 (b) Fed.R.Civ.P., Also See Nash V. Thielke, 743 F.Supp.130 (E.D.Wis.1990).

Furthermore, Plaintiff's request is not burdensome or expensive to produce, Defendant's have choose to make this process difficult because of Plaintiff's Pro-se status. Even lawsuits filed by Attorneys depends on full developments through discovery.

## II. Relief

Wherefore, Premises Considered, Plaintiff Pray this Court Impose Sanctions against the Defendant's by, (1) Assessing monetary sanctions against the Defendant's; (2) Entering a Default Judgement; (3) Reinstating Plaintiff's written Interrogatories for Defendant Tucker, striken by this Court August 28,2007.

Dated 24 day of September,2007

Respectfully Submitted

Daryl Davis #802738
Daryl Davis TDCJ-ID#802738
Micheal Unit
P.O.Box 4500
Tennessee Colony,TX.
75886

### Certificate of Service

Comes now Plaintiff Daryl Davis, Pro-se do hereby certify that a true and correct copy of Plaintiff's Motion for Sanctions against the Defendants has been place in the U.S.Mail addressed to Asst:Attorney General Brandy Bramlett, at P.O.Box 12584 Austin,TX.78711 on September 24,2007.

Dated 24th day of September,2007

Daryl Davis #802738
Daryl Davis TDCJ-ID#802738

IN THE UNITED STATES DIDTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
<u>LUFKIN</u> DIVISION

| | | |
|---|---|---|
| DARYL DAVIS   TDCJ-ID#802738 | § | |
| v. | § | Civil Action No.9:07cv19 |
| DIRECTOR   TDCJ-ID   ET AL. | § | |

To The Honorable Clerk of said Court:

~~Comes now Daryl Davis, Plaintiff Pro-se in the above Civil Action No.~~ asking you to please file the inclosed document titled Plaintiff's Motion for Sanctions afainst the Defendant's with the Court. A copy is being sent to Asst: Attny: General Brandy Bramlett at the following address P.O.Box 12548 Austin,TX.78711, this the 24th day of September, 2007.

Dated this __24__ day of September,2007

Daryl Davis TDCJ-ID#802738
Micheal Unit
P.O.Box 4500
Tennessee Colony,TX.75886

DARYL DAVIS
TDCJ-ID#802738
Micheal Unit
P.O.Box 4500
Tennessee Colony,TX.
                75886





U.S.DISTRICT COURT
EASTERN DISTRICT OF TEXAS
104 N. Third
Lufkin,TX.75901

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION