**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **DARYL L. DAVIS,** | § | |
| **TDCJ-CID# 802738** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 9:07CV19** |
| | § | |
| **DIRECTOR-TDCJ-ID**, *et al.*, | § | |
| **Defendants.** | § | |

---

**DEFENDANTS MCDUFFIE AND TUCKER'S**
**MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

---

**GREG ABBOTT**
Attorney General of Texas

**KENT C. SULLIVAN**
First Assistant Attorney General

**DAVID S. MORALES**
Deputy Attorney General for Civil Litigation

**DAVID A. TALBOT, JR.**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**BRANDY BRAMLETT**
Assistant Attorney General

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 495-9139

# TABLE OF CONTENTS

Table of Contents ...............................................................................................................ii

Table of Authorities...........................................................................................................iii

I.      Statement of the Case ..............................................................................................1

II.     Defendants' Motion for Summary Judgment ..................................................................2

III.    Undisputed Material Facts ........................................................................................3

IV.     Issues of Law............................................................................................................4

V.      Brief in Support .......................................................................................................4

        A.      Summary Judgment Standard.........................................................................4

        B.      Qualified Immunity......................................................................................8

        C.      Eleventh Amendment Immunity....................................................................9

        D.      Failure to Protect......................................................................................10

                1.      Defendant Wayne Tucker....................................................................12

                2.      Defendant Michael McDuffie ..............................................................14

        E.      Prison Litigation Reform Act's Injury Requirement..........................................14

VI.     Conclusion...............................................................................................................15

Notice of Electronic Filing...................................................................................................16

Certificate of Service...........................................................................................................17

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                          **Page**

*Alexander v. Tippah County,*
    351 F.3d 626, 631 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 248 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,7

*Brown & Root, Inc.,*
    688 F.2d 338, 341 n.2 **(5th Cir. 1982)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

*Cantu v. Jones,*
    293 F.3d 839, 844 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Celotex Corp. v. Catrett,*
    477 U.S. 317, 325 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,6,7, 8

*Cormier v. Pennzoil,*
    969 F.2d 1559, 1561 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Duckett v. City of Cedar Park,*
    950 F.2d 727, 280 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Eason v. Thaler,*
    73F.3d 1322 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Edelman v. Jordan,*
    415 U.S. 651, 663, (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

*Eugene v. Alief ISD,*
    65 F.3d 1299, 1305 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Exxon Corp. V. Baton Rouge Oil,*
    77 F.3d 850, 853 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Farmer v. Brennan,*
    511 U.S. 825, 832, 114 S.Ct. 1970, 128
    L.Ed.2d 811 (1994))) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Fields v. City of South Houston, Texas,*
    922 F.2d 1183, 1187 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

*Fontenot v. Upjohn Co.,*
    78 F.2d 1190, 1194-95 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Forsyth v. Barr,*
    19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied sub nom* . . . . . . . . . . . . . . . . . . . . . . . . 7

*Forsyth v. Vines,*
    513 U.S. 871 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fraire v. City of Arlington,*
    957 F.2d 1268, 1273 (5th Cir. 1992),
    *cert. denied.* 506 U.S. 973 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hans v. Transcontinental Gas Pipe Line Corp.,*
    953 F.2d 996, 997 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Horton,*
    70 F.3d at 400-01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508,
    2514, 153 L.Ed.2d 666 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*International Shortstop, Inc. v. Rally's, Inc.*
    939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied,*
    502 U.S. 1059 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kentucky v. Graham,*
    473 U.S. 159 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Kipps v. Callier,*
    197 F.3d 765, 768 (5th Cir. 1999)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

*Leatherman v. Tarrant County Narcotic Intelligence and Coordination Unit,*
    28 F.3d 1338, 1396 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Little v. Liquid Air Corporation,*
    37 F.3d 1069, 1075 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Lodge Hall Music, Inc. v. Waco Wranglery Club, Inc.*
    83 F.2d 77, 79 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corporation,*
    475 U.S. 574, 587 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

*McCallum Highlands v. Washington Capital DUS. Inc.,*
    66 F.3d 89, 92 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Morris v. Dearborne,*
    181 F.3d 657, 665 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Newton v. Black,*
    133 F3P30, 307 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Orthopedic & Sports Injury Clinic v. Wang,*
    922 F.2d 220, 225 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rosa v. U.S. Small Business Administration,*
    964 F.2d 351, 359 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Salas v. Carpenter,*
    980 F.2d 299, 304 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Siglar v. Hightower,*
    112 F.3d 191, 193 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Stults v. Conoco, Inc.,*
    76 F.3d 651, 656 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Tacon Mechanical Contractors v. Aetna Casualty and Suvrety Company,*
    65 F.3d 486, 488 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Thompson v. Steele,*
    709 F.2d 331, 332 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Transamerica Ins. Co. v. Avenall,*
    66 F.3d 715, 718-719 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Will v. Michigan State of Police,*
    491 U.S. 58, 71 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wilson v. Layne,*
    526 U.S. 603, 603-604 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Statues</u>

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

42 U.S.C. § 1997e(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

<u>Rules</u>

Fed. R. of Civ. Proc.56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **DARYL L. DAVIS,** | § | |
| **TDCJ-CID# 802738** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 9:07CV19** |
| | § | |
| **DIRECTOR-TDCJ-ID,** *et al.,* | § | |
| **Defendants.** | § | |

**DEFENDANTS MCDUFFIE AND TUCKER'S
MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE OF THE DISTRICT COURT:**

Defendants Michael McDuffie and Wayne Tucker submit the following Motion for Summary

Judgment based upon their entitlement to qualified immunity.  In support thereof, Defendants offer

the following:

**I.
STATEMENT OF THE CASE**

Plaintiff Daryl L. Davis is an inmate of the Texas Department of Criminal Justice-

Correctional Institutions Division (TDCJ-CID).   Proceeding *pro se* and *in forma pauperis,* he

brought this cause of action pursuant to 42 U.S.C. § 1983, claiming that each Defendant violated his

rights under the Eighth Amendment.   Specifically, Davis claims that the Defendants were

deliberately indifferent to a substantial risk of serious harm which resulted in two separate

altercations with other inmates who are known gang members.  Davis claims that Lt. Tucker labeled

him as a snitch during an investigation concerning Officer McDuffie.  As a result, Davis contends

that Officer McDuffie hired gang members to put a hit on him. As Plaintiff does not specify in what

capacity he is suing Defendants, they assume they are being sued in their individual and official

capacities.  Davis does not specify any amount for damages in his complaint.  Davis asks the court "to be compensated for past, present, and future physical and mental harm, pain, suffering and emotional distress, lost of opportunities, lost of earnings and/or earning capacity, medical and other expenses for rehabilitation and unseen medical problems, and an open amount of funding for cost of legal, attorney(s), expert and other assistance that may be needed to obtain remedy in this cause."(O.P.)

Defendants answered denying the allegations against them and asserting the defenses of Qualified and Eleventh Amendment Immunity.

## II.
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, Defendants Wayne Tucker and Michael McDuffie move this Court to grant summary judgment in their favor because there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. Defendants hereby move for summary judgment on all issues.  Defendants rely on the following attached documents:

**Exhibit A:**    Affidavit of Wayne Tucker.

**Exhibit B:**    Affidavit Dr. Betty J. Williams.

**Exhibit C:**    Life Endangerment Records for Plaintiff Davis for the period of 1/1/06 through 6/12/07 with business records affidavit.  Bate stamps 189-191, 209-221.

**Exhibit D:**    Relevant portions of Plaintiff's Grievance records with business records affidavit.  Bate stamps 34-53, 58-66, 75-76.

**Exhibit E:**    Office of the Inspector General report in Case No. 2006-1481 incident report of May 2006 concerning Offender Davis with business records affidavit.  Bate stamps 223, 226-229, 233-262, 270-273, 303-305.

2

Exhibit F:    Relevant portions of employee disciplinary on Officer McDuffie regarding violation date of May 22, 2006 with business records affidavit. Bate stamps 1-12.

## III.
## UNDISPUTED MATERIAL FACTS[1]

1.    On May 22, 2006, Defendant Lt. Tucker interviewed Defendant McDuffie in regards to allegations of trafficking and/or trading.  (Ex. A).

2.    Davis was attacked by gang members on May 27 and May 30, 2006.  PLAINTIFF'S ORIGINAL COMPLAINT (P.O.C.) , page 4b, DOCKET ENTRY(D E) 1.

3.    Inmates Amos, Sanders, and Williams were identified by Davis as the offenders who attacked him on May 27, 2006.  (Ex. E, Bate stamp 304).

4.    Inmates Williams, Grant, and Sanders were identified by Davis as the offenders who attacked him on May 30, 2006.  (*Id.*).

5.    On May 30, 2006, Offender Davis was seen in the Medical Department of the Polunsky Unit. (EX. B).

6.    Offender Davis stated that on May 30, 2006, he was beaten savagely by Williams, Grant, and Sanders about the face and head with a sock containing a heavy metal object and that he suffered from multiple cuts and gashes.  (Ex. E, Bate stamp 304.)

7.    The physical exam conducted on May 30, 2006 revealed three lacerations to the left side of Davis' face which were cleaned and covered with band-aids.  (EX. B).

---

[1]        Defendants are accepting these facts as true for Summary Judgment purposes only, and expressly reserve the right to contest these facts at trial, if necessary.

8.      There was no documentation of loss of consciousness or of injury to the left eye or surrounding tissues during the exam conducted on May 30, 2006.  (Ex. B).

9.      Plaintiff has a history of multiple precious head injuries prior to the incident of May 30, 2006. (Ex. B).

10.     Each Defendant was an employee of the Texas Department of Criminal Justice, at all times relevant to the allegations against them.

11.     At all times relevant to the allegations in Plaintiff's Complaint, he was incarcerated in the Texas Department of Criminal Justice.

## IV.
## ISSUES OF LAW

1.      Are Defendants entitled to Qualified Immunity from Plaintiff's Failure to Protect claims?

2.      Are the Defendants entitled to Eleventh Amendment Immunity from Plaintiff's Official Capacity claims?

3.      Has Plaintiff stated a claim for relief against any Defendant under the Eighth Amendment for failure to protect?  Alternatively, has Plaintiff produced evidence of deliberate indifference to support an Eighth Amendment failure to protect claim against any Defendant?

## V.
## BRIEF IN SUPPORT

**A.     Summary Judgment Standard**

Motions for summary judgment are authorized by Rule 56 of the Federal Rules of Civil

Procedure.  These motions permit the court to resolve lawsuits without the necessity of trials if there

4

is no *genuine* dispute as to any facts which are material and the moving party is entitled to judgment as a matter of law.[2]

Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.[3]

Thus, when a motion for summary judgment is filed and is accompanied by competent supporting evidence, a court may grant the motion if the opposing party fails to present controverting evidence.[4] Summary Judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[5]  Federal summary

---

[2]  *See* Fed. R. Civ. P. 56(e); *Fields v. City of South Houston, Texas*, 922 F.2d 1183, 1187 (5th Cir. 1991); *Lodge Hall Music, Inc. v. Waco Wranglery Club, Inc.*, 831 F.2d 77, 79 (5th Cir. 1987).

[3]  Rule 56(e), Federal Rules of Civil Procedure.

[4]  Rule 56(e) only requires the summary judgment nonmovant to submit affidavits and other summary judgment proof when the original motion is supported by proper affidavits or other summary judgment proof.  *See E.E.O.C. v. Brown & Root, Inc.*, 688 F.2d 338, 341 n.2 (5th Cir. 1982); *see also Orthopedic & Sports Injury Clinic v. Wang*, 922 F.2d 220, 225 (5th Cir. 1991), (holding that unsupported affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment).

[5]  *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *cert denied*, 506 U.S. 973 (1992); *Hans v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

judgment procedure requires the court to "pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim."[6]

In the usual case, the party who seeks summary judgment must show by affidavit or other evidentiary materials that there is no genuine dispute as to any fact material to resolution of the motion.[7] While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, they need not negate the essential elements of the nonmovants's case.[8]  In order for the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could have been found for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for the nonmovant.[9]  To satisfy this burden, the movant must either submit evidentiary documents that negate the existence of some material element of the nonmoving party's claim or defense or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense.[10]  A summary judgment movant who will not bear the burden of proof at trial may meet its initial burden of establishing that

---

[6]     *Tacon Mechanical Contractors v. Aetna Casualty and Surety Company*, 65 F.3d 486, 488 (5th Cir. 1995).

[7]     *See Celotex Corp.v. Catrett*, 477 U.S. 317, 325, (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986).

[8]     *See Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex Corp. v. Catrett*, 477 U.S. at 323.

[9]     *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-250; *Matsushita Electrical Industrial Co. Ltd., v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986).

[10]     *See Celotex Corp. v. Catrett*, 477 U.S. at 325; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996).

there is no genuine issue of material fact merely by pointing out the absence of evidence supporting the nonmoving party's case.[11]

Once the moving party has carried that burden, however, the burden shifts to the nonmoving party to show that summary judgment is not appropriate.[12]  The nonmoving party cannot discharge this burden by referring to the mere allegations or denials of the nonmoving party's pleadings; rather that party must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists.[13]  The party opposing a motion supported by evidence cannot discharge its burden by alleging mere legal conclusions; instead, it must present affirmative evidence in order to defeat a properly supported motion for summary judgment.[14]  Nonmovants are required to identify the specific evidence in the record and to articulate the precise manner in which that evidence supports their claim.[15]  The Court cannot assume, in the absence of any proof, that the nonmoving party could or would prove the necessary facts.[16]

---

[11]     *See Stults v. Conoco, Inc.*, 76 F.3d at 656; *Transamerica Ins. Co. v. Avenall*, 66 F.3d 715, 718-719 (5th Cir. 1995).

[12]     *See Exxon Corp. v. Baton Rouge Oil*, 77 F.3d 850, 853 (5th Cir. 1996); *Stults v. Conoco, Inc.*, 76 F.3d at 656.

[13]     *See Celotex Corp. v. Catrett*, 477 U.S. at 324; *Stults v. Conoco, Inc.*, 76 F.3d at 656; *Little v. Liquid Air Corp.*, 37 F.3d at 1075.

[14]     *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-55; *Matushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. at 586.

[15]     *See Stults v. Connoco, Inc.*, 76 F.3d at 656; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied sub nom, Forsyth v. Vines*, 513 U.S. 871 (1994).

[16]     *See McCallum Highlands v. Washington Capital DUS, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995); *and Little v. Liquid Air Corporation*, 37 F.3d at 1075.

Where the party opposing the motion for summary judgment will have the burden of proof on an essential element of his case at trial and does not, after adequate time for discovery, make a showing sufficient to establish the existence of that element, summary judgment may be entered against him.[17]  However, Rule 56 does not require that discovery be completed before the Court may grant a summary judgment.[18]

## B.    Qualified Immunity

Defendants Wayne Tucker and Michael McDuffie were employed by the Texas Department of Criminal Justice, Institutional Division, at all times relevant to the allegations in Plaintiff's complaint.  Defendants asserted their entitlement to qualified immunity in their answer and are entitled to the protections afforded by that affirmative defense.

In order to overcome a defendants entitlement to qualified immunity, a plaintiff must satisfy a three-part test.[19]  First, the plaintiff must allege the deprivation of a constitutional right.[20]  Second, the plaintiff must allege the violation of a right that was clearly established at the time of the alleged violation.[21]  Finally, the plaintiff must produce competent summary judgment evidence which

---

[17]     *Celotex v. Catrett*, 477 U.S. at 322-24; *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992); *Fontenot v. Upjohn Co.*, 78 F.2d 1190, 1194-95 (5th Cir. 1986).

[18]     *See Cormier v. Pennzoil*, 969 F.2d 1559, 1561 (5th Cir. 1992); *Leatherman v. Tarrant County Narcotic Intelligence and Coordination Unit*, 28 F.3d 1338, 1396 (5th Cir. 1994); *Rosa v. U.S. Small Business Administration*, 964 F.2d 351, 359 (5th Cir. 1992); *International Shortstop, Inc., v. Rally's, Inc.*, 939 F2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992), (holding that the nonmoving party must show how additional discovery will defeat the summary judgment motion, i.e., create a genuine dispute as to a material fact and that the non moving party must show that he has diligently pursued discovery of the evidence in question.)

[19]     *Kipps v. Callier*, 197 F.3d 765, 768 (5th Cir. 1999)( citing *Morris v. Dearborne*, 181 F.3d 657, 665 (5th Cir. 1999)).

[20]     *Wilson v. Layne*, 526 U.S. 603, 603-604 (1999); *see also Morris v. Dearborne*, 181 F.3d 657, 665 (5th Cir. 1999).

[21]     *Wilson*, 119 U.S. at 604.

demonstrates that the violation occurred or at least gives rise to a genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated the clearly-established right.[22] If the plaintiff meets this burden, then the court must decide whether the conduct was nonetheless "objectively reasonable," as a matter of law.[23]

In analyzing whether any Defendant is entitled to qualified immunity, the first issue is whether Plaintiff can survive summary judgment on his underlying constitutional claims.  Because Plaintiff Davis cannot produce evidence on one or more essential elements of his constitutional claims against the Defendants, each Defendant is entitled to qualified immunity.

Similarly, Davis does not have any evidence that any Defendant was the cause of the attacks on May 27, 2006 or May 30, 2006 or took any other adverse act against him.  The conclusory, unsupported allegation, that the attacks on Davis resulted because Lt. Tucker allegedly labeled Davis as a snitch does not support a finding that Defendant Tucker was in any way responsible for either attack.  Similarly, the conclusory allegations against McDuffie being responsible for placing what Davis terms as a "hit" on him by the Mandingo Warriors does not meet the standards of a constitutional violation.   Furthermore, Plaintiff Davis has no evidence that Defendant Tucker's actions were objectively unreasonable.  Defendants Tucker and McDuffie are entitled to Qualified Immunity.

**C .     Eleventh Amendment Immunity**

This Court does not have jurisdiction to hear Davis' claims against Defendants Lt. Tucker and Officer McDuffie in their official capacity.  Claims against  government officials in their official

---

[22]     *Kipps*, 197 F.3d at 768 (citing *Morris,* at 666).

[23]     *See Eugene v. Alief ISD*, 65 F.3d 1299, 1305 (5th Cir. 1995).

capacities are essentially claims against the state.[24]  The Eleventh Amendment prohibits suits against unconsenting states in federal court.[25]

Plaintiff cannot rely on 42 U.S.C. § 1983 for a waiver of sovereign immunity.  Defendants, in their official capacity, are not proper parties to a civil rights claim.  State actors in their official capacity are not "people" that may be held liable for purposes of civil rights claims.[26]  Accordingly, there is no waiver of Eleventh Amendment immunity, and Defendants cannot be sued in their official capacity.

## D.      Failure to Protect

Plaintiff claims that Defendants Lt. Tucker and Officer McDuffie violated his Eighth Amendment rights by failing to protect him from threats made by other inmates to attack him. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[27]  In particular, the Eighth Amendment imposes on prison officials a duty to protect prisoners from violence at the hands of other inmates.[28]  Prison officials are not, however, expected to prevent all inmate-on-inmate violence.[29]  Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a

---

[24]  *Kentucky v. Graham*, 473 U.S. 159 (1985).

[25]  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

[26]  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[27]      *Id*. (quoting *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir.2002)(citing *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994))).

[28]      *Id*.

[29]      *Id*. (citing Farmer, 511 U.S. at 834, 114 S.Ct. 1970).

10

substantial risk of serious harm.[30]   A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk.[31]

In *Farmer v. Brennan*, The Court made clear that a prison official "knows of" an excessive risk only if (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he in fact "draw[s] the inference."[32]   In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk.[33]

In order to prove that an official is subjectively aware of a risk to inmate health or safety, a plaintiff inmate need not produce direct evidence of the official's knowledge.   A plaintiff can rely on circumstantial evidence indicating that the official must have known about the risk.[34]   For example, the plaintiff can produce circumstantial evidence that the risk to inmate health or safety was so longstanding and pervasive that the official must have been aware of this danger.[35]

The Eighth Amendment mandates "reasonable safety, not "absolute safety," and prison officials are not liable when they make good faith errors in assessing potential danger.   *See Newton v. Black*, 133 F 3f 301, 307 (5th Cir. 1998).   There must be some evidence that the Plaintiff was injured

---

[30]      *See Id.*

[31]      *Id*. (citing *Farmer*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

[32]      *Id.*

[33]      *Id*. (citing *Farmer*, 511 at 839-40, 114 S.Ct. 1970).

[34]      *Id*. (citing *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2514, 153 L.Ed.2d 666 (2002) ("We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious."); *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence[.]").

[35]      *Id*. (citing Farmer, 511 U.S. at 842-43, 114 S.Ct. 1970.)

as a result of being exposed to danger of which the defendants were aware of and yet *ignored.*[36]
Mere negligence is insufficient to support an Eighth Amendment claim.[37]

### 1. Defendant Wayne Tucker

In this case, there are no allegations or evidence that Lt. Tucker was aware of facts from
which an inference of danger could be inferred.  Davis claims that he was attacked by three inmates,
on two separate occasions, as a result of Lt. Tucker allegedly labeling him as a snitch and Officer
McDuffie allegedly organizing a "hit" on Davis for providing information to officials regarding an
investigation into McDuffie's relationship with certain gang members .

Lt. Tucker interviewed Officer McDuffie on May 22, 2006 in regards to allegations of
trafficking and/or trading.  (Ex. A).  Davis alleges that during this interview, Lt. Tucker informed
McDuffie that "You may as well come clean because inmate Davis has told me everything." (P.O.C.,
pg. 33).  Consequently, Davis incorrectly assumes that Lt Tucker labeled him as a snitch.  First,
Davis has no first hand knowledge of what was said in the private interview.  Second, the report of
the investigation portrays a completely different scenario.  Lt. Tucker did inform McDuffie to tell
the truth about what happened in relation to the taking of commissary items from an offender.  (Ex.
A).  However, Tucker made this statement as a result of conflicting statements from other officers,
not as a result of any inmate's testimony.   (*Id.*).   The employee disciplinary file for McDuffie
corroborates Tucker's version of the event.  (Ex. F, Bate stamps 1-12).  There are witness statements
from two officers who had first hand knowledge of the incident regarding the commissary items.(*Id.*
at bate stamps 7 and 12).  The report clearly indicates that McDuffie was disciplined on the basis of

---

[36]     *Horton*, 70 F.3d at 400-01.

[37]     *Eason v. Thaler*, 73 F.3d 1322 (5th Cir. 1996).

the officers' statements.  Furthermore, there are is no mention of Davis or any other offender

snitching on McDuffie or of Tucker documenting any statement of Davis. (Ex. F *generally*).  During

the investigation of May 22, 2006, Tucker did not tell McDuffie that Davis or any other offender was

a snitch. (Ex. A).  Tucker indicates he has never had any involvement with offender Davis.  (*Id.*)

Furthermore, during the investigation conducted by Sgt. Neal in relation to the attacks on Davis,

Davis stated that he had been labeled as a snitch for some time now but did not let it bother him.

(Ex. C, Bate stamp 212).  Davis also stated that as far as he was concerned, the matter was resolved

and he would like to be returned to general population.  (*Id.*).  Plaintiff presents no probative

evidence that the attacks on Davis are related to Lt. Tucker allegedly labeling Davis as a snitch or

that Lt. Tucker was aware of a substantial risk of attack from other offenders against Davis.

Furthermore, Lt. Tucker was never mentioned as an officer to which  any reports were given in

relation to future attacks by gang members against Davis. (Ex. D, *generally*).  Personal involvement

is an essential element of a civil rights cause of action.[38]  There is no evidence that Tucker had any

personal awareness or involvement in the life endangerment issues involving Davis.  There is no

allegation or evidence that Defendant Tucker was personally involved in the decision to ignore

inmates' information that Davis was going to be attacked.  Nor is there evidence that Tucker should

have or did perceive a substantial threat to Davis' safety as a result of Tucker's investigation of

McDuffie. Accordingly, Davis does not have competent summary judgment evidence sufficient to

support the deliberate indifference aspect of his Eighth Amendment claim against Lt. Tucker.

---

[38] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

### 2.  Defendant McDuffie

Davis alleges that Officer McDuffie organized a "hit" on Davis for providing information to officials regarding an investigation into McDuffie's relationship with certain gang members.  The offenders that attacked Davis received disciplinary cases.  (Ex. E, Bate stamps 236, 270-273).  Even though McDuffie was disciplined for accepting ice cream and cokes from another inmate, he was not found to have any involvement with the attacks on Davis.  Plaintiff has failed to provide any evidence to counter the above.  Furthermore, in an interview between Sgt Neal and Offender Sanders the following was documented:

> Offender Sanders alleged that offender Davis approached offender Amos and questioned him about why the Mandingo Warriors had assaulted him on Saturday (5/27/06).  OffenderSanders alleged that the conversation became heated and offender Davis reached out and slapped offender Amos.  Offender Amos is alleged to have immediately left the area went to find offender Grant, James to advise him of offender Davis' actions.  Offender grant became enraged with offender Amos for not retaliating against offender Davis for the assault and was alleged to have been  heard saying since offender Amos did not assault offender Davis that offender Amos made the Mandingo Warrior clique look weak.  (Ex. E, pg. 249)

Davis' statement that he had been labeled as a snitch for awhile along with the other inmates statements about Davis being a snitch would imply that the offenders' actions toward Davis were motivated by personal dealings, not a third-party "hit" organized by defendant.  Plaintiff offers only conclusory allegations as to defendant McDuffie's deliberate indifference to plaintiff's safety.  Therefore, Plaintiff's claim must fail.

### E.    Prison Litigation Reform Act's Injury Requirement

Plaintiff's Failure to Protect Claims also fail under the Prison Litigation Reform Act.  Prisoners are not entitled to mental and emotional damages absent a physical injury pursuant to 42

14

U.S.C. § 1997e(e).   Under § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."   The "physical injury" required by § 1997e(e) "must be more than de minimis, but need not be significant." [39], 351 F.3d 626, 631 (5th Cir. 2003).

In this case the undisputed summary judgment evidence conclusively proves that on May 30, 2006, Offender Davis was seen in the Medical Department of the Polunsky Unit.  (Ex. B).   The physical exam revealed three lacerations to the left side of the face, which were cleaned and covered with bandaids.  *(Id.)*.   Although Plaintiff alleges extensive injuries, there was no documentation of loss of consciousness or of injury to the left eye or surrounding tissues.  *(Id.)*.   Furthermore, there was no evidence found that offender Davis sustained any permanent injuries in the attack of May 30, 2006.  (*Id.*).  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(holding that an ear that was sore and bruised for three days was nevertheless a *de minimis* injury).   The injuries suffered by Plaintiff are insufficient to support a claim for damages under the PLRA.   Accordingly, his Eighth Amendment claims must be dismissed as a matter of law. [40].

## VI. CONCLUSION

**ACCORDINGLY**, Defendants pray that the Court grant their Motion for Summary Judgment and dismiss all claims against them with prejudice.   Defendants further pray for all other relief to which they may be justly entitled.

---

[39]     *Alexander v. Tippah County,* 351 F.3d 626. 631 (5th Cir. 2003).

[40]     *Alexander*, 351 F.3d 626

15

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/ Brandy Bramlett
**BRANDY BRAMLETT**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24040560

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
(512) 495-9139 FAX

**ATTORNEYS FOR DEFENDANTS
TUCKER AND McDUFFIE**


## NOTICE OF ELECTRONIC FILING

I, **BRANDY BRAMLETT**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants McDuffie and Tucker's Motion for Summary Judgment with Brief in Support** in accordance with the Electronic Case Files System of the Eastern District of Texas, on this the 5th day of October, 2007.

16

/s/ Brandy Bramlett
BRANDY BRAMLETT
Assistant Attorney General


## CERTIFICATE OF SERVICE

I, BRANDY BRAMLETT, Assistant Attorney General of Texas, do hereby certify that a true

and correct copy of the above and Foregoing **DefendantsMcDuffie and Tucker's Motion for**

**Summary Judgment with Brief in Support** has been served by placing same in the United States

Mail, postage prepaid, on this the 5th day of October, 2007, addressed to:

Daryl Davis, TDCJ # 802738
Michael Unit
P.O. Box 4500
Tennessee Colony, Texas 75886
***Pro Se***

/s/ Brandy Bramlett
BRANDY BRAMLETT
Assistant Attorney General

17