IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED - CLERK
U.S. DISTRICT COURT

2007 OCT -9 AM 11: 50

TX EASTERN - LUFKIN

DARYL DAVIS   TDCJ-ID#802738          §

VS.                                   §          Civil Action No. 9:07cv19

DIRECTOR   TDCJ-ID   ET AL.           §


## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now the Plaintiff, Daryl Davis, and Pursuant to Rule 56,
Fed.R.Civ.P, Requests this Court to grant him Summary Judgement as to
the liability of Defendants Wayne Tucker; Michael McDuffie; as for
damages for their Indifference to Plaintiff's Safety, and Discriminatory
use of the "Safe Prison Policy", through the STG-Program.

Summary Judgment is to be Granted if the record before the Court
shows "That there is no Genuine issue as to any material fact, and that
the moving Party is entitled to a Judgment as a matter of Law", Rule
56 (c), Fed.R.Civ.P., accord; Plaisance V. Phelps, 845 F.2d. 107,108
(5th Cir.1988).

The Defendants failed to take reasonable measures to Protect
Plaintiff, Stokes V. Delcambre, 710 F2d. 1120,1124(5th Cir.1983),
accord, Farmer V. Brennan, 114 S. CT.1970,1982-84(1994); Cantu V. Jones,
293 F.3d. 839,844(5th Cir.2002).

### CLAIMS:

Plaintiff, "Davis" is confined by the Texas Prison System, "TDCJ"
that monitors all STG Members, and their activities since October 1996,

(TDCJ'S STG-Plan, Pg.1).

Through its "Agent-Provocateurs" within these Security Threat Group members "STG", Prisons officials allow certain Prison Gangs run amok, where Prison Guards submit untruthful, inaccurate and Incomplete Records of Events to Conceal the inadequate Safety provided to Prisoners. There exist a conspiracy to Diminish the value of Davis Life, soley because he is an African-American Prisoner.

The Defendants in this lawsuit Promoted and Propergated a Hit against Davis, while knowing advance the impending Danger to his Life, where African American Prisoner's are not afforded the same protection from STG'S, of Color, i.e., "MANDINGO WARRIORS", as compared to, to other STG'S of other Races.

I.

## TEXAS PRISON'S DEFINITION OF GANGS:

The Texas STG-Plan, outlines the process ofidentifying and monitoring STG'S; (Specifically Identification of Offenders-Alleged to be on a STG "Hit" List) (Page 1, TDCJ'S STG-Plan) The nomenclature for gangs in TDCJ is "STG'S", Protection fron any STG-Group, e.g.", gangs; cliques," are mandated under the Safe Prison Act.

## CLIQUE:

The Texas Prison defines a cliques, "A Group of offenders who have little or no structure wuth vague or little, if any, Rules and are involved in illegal activity. Generally, these groups are formed alone racial or geographic lines" (Pg.3, TDCJ'S STG-Plan).
Bacuse African-Americans are not part of the Mexican Marfia, this group is no different than the Mandingo Warriors, that involves African-Americans. Mexican Marfia involves Mexicans, Aryan Brotherhood involves

white offenders ect.;

## SECURITY THREAT GROUP  (STG):

Any group of offenders that TDCJ determines poses a threat to the Physical Safety of other offenders, staff, or the Public due to the organization and activities of said STG. (Pg.3, TDCJ'S STG-Plan). The Division director by Policy was aware of the Mandingo Warriors Activities since said groups has been designated a STG, as other gangs within TDCJ.

## IDENTIFICATION AND DESIGNATION OF A GROUP OF OFFENDERS AS A SECURITY THREAT GROUP:

In order for a group of offenders to be identified as a STG, STG-Management office may review certain factors with regard to the Group's activities and composition. These factors form the guidelines for identifying STG Members, and include, but are not limited to:

"(C) Specific Violent Acts or intended Acts of Violence that can be attributed to the group (e.g. ASSAULTS, MURDER, CONSPIRACY TO MURDER), Sec. III.(A),(2),(c), Page 5, TDCJ'S STG-Plan)".

There exist a Plethora of acts of violence attributed to the STG'S that Assaulted Davis, yet the Defendant's have acted indifferent to it's own Policy. Even after Davis assaults, no action were taken on three of the perpetrators, and a inaccurate portrayal of the assault to diminish the severity of this STG'S actions on one attacker, e.g., "Fighting instead of Assault report".

## II. DEFENDANT WAYNE TUCKER:

On or about May 22,2006, Defendant Tucker, in the course of his investigation into Defendant McDuffie's Illegalities, Falsely used

(3)

Davis to McDuffie as the source of Informant against him taking sodas and Ice Creams from inmates for favors. Tucker's disregard of sound interrogation practice(s) of McDuffie was Deliberate, Reckleness. Tucker took no action to abate McDuffies retaliation, that led to McDuffie's second Hit to get "Rid of Davis", See (Exhibit #B-1 Offender Protection Investigation Form").

Tucker's actions by labeling to McDuffie "Davis the Informant", led to the label of snitch by McDuffie to various Prision STG'S, that set into motion a series of events both Defendants Tucker and McDuffie knew or reasonably should have known to cause harm to Davis and took no steps to protect Davis from harm after invoking him into this interrogation. Tucker should have known his actions would cause a risk to Davis, by telling McDuffie Davis was the source of information towhich the label of Snitch transpired, was the Proximate cause of Davis harm, this case is similar to; Hobbs V. Evans, 924 F.2nd. 774 (8th Cir.1991).

Defendant Tucker, and STG-Officials failed to pursue criminal solicitation charges against McDuffie, for his attempts to induce another to "Get Rid of Davis", Pursuant to section 15.03, Texas Penal Code. Defendant Tucker's subordinates, and Defendant McDuffie ommissions, and commissions Permitted Four Prisoner's to Excute The Hit to "Get-Rid of Davis", Where on May 27,2006, (Terry Amos #666813; Troy Sander #706136; and Stanly Williams #1326883;) Confirmed STG'S, on Mandingo Warrior Gang member attack Davis, A second assault occured on May 30,2006, Davis was attacked again by Stanly Williams, (James Grant #894626;) Troy Sander; These three struck Davis with a sock that contained a Heavy Metal Object that cause multiple cuts and gashes on Davis face and head. These Prisoner's Savagely Beat Davis

(4)

once he was down on the floor, stomping him repeatedly, towhich Defendant McDuffie, was the officer who left his assigned post to allow this attack, See (Exhibit #B-4) there was at least Fifty names or inmate witnesses these Defendants failed to retieve, the Defendants, and their agents failed to treat both areas of Davis assault as a crime scene, nor were any attempts made to retrieve the weapon used to attack Davis, no witness statements were distributed to observing Prisoners. It should be noted, that none of Davis attacker's were ever charged with assault or assault with a weapon Administratively or criminally.

### III.

## RACIAL DISCRIMINATION APPLICATION OF
## THE SAFE PRISON PROGRAM

The STG-Office donot Provide African-American Prisoners the same protection under the Safe-Prison Program as White or Mexican Prisoners, as best evidence from Warden Swift's testimony during the Spears hearing in this case, (June 14,2007).

42 U.S.C. Sec.1981, Prohibits Racial Discrimination, where STG Officials were told before Davis first Assault, of The Hit to "Get Rid" of him. See (Plaintiff's Motion for Relief from Judgment), where Defendant D.Dezeeuw, interviewed prisoner's involved in the Mandingo Warriors gang, or STG. Because Davis attackers were confirmed, these members were not appropriately housed, i.e., "AD Seg", See (Page 6, TDCJ'S-STG-Plan; 'STG' Housing and Management Determination Guidelines".), Accord (Offender Orientation Handbook. Sec.V., Pg.26, Nov.2004).

Because these STG Members were allowed Free-Access of the Prison,

constitute Gross Negligence Conduct by Defendants, towhich Davis ask this Court take Judicial notice of Warden Swift's testimony at the Spears Hearing, "that the Mexican Marfia STG'S are dealt with differently", than Mandigo Warriors.

Because of this Indifference, Prison Officials have failed in their duty to PROTECT. The Supreme Court have rejected a purely objective test for determining liability and has determined that Subjective Reckleness, as used in Criminal Law, is the appropriate test for Deliberate Indifference, Benefield V. McDowall, 241 F.3d.1267, (3d Cir.1997), Farmer V. Brennan, 511 U.S. 825 at 839-40(1994).

Thus, the disparte in the manner African-Americans are Afforded Protection are not EQUAL to that as other Race Inmates within the Texas Prison System. (Page 4g-4h-1983 Complaint).

The Defendants have never Denied Race Factors in Inmate Protection. In fact the Defendants seem to BOAST HOW the Mandigo Warriors are not taken Seriously, e.g., "(Spears Hearing Testimony of Warden Swift of June 14,2007)".

IV.

## DEFENDANT MICHAEL R. McDUFFIE:
### (THE CONTRACT)

On May 22,2006, During a Administrative Investigation with Michael R. McDuffie a known Corrupt Prison Guard. Defendant Tucker used Davis name in his attempt to obtain a confession from Defendant McDuffie regarding McDuffie's Exceptance of Two Can Drinks and Two Ice Creams. As a result of Defendant Tucker's Actions Defendant McDuffie Paid the Mandingo Warriors to assault Davis, Based on Allegations from McDuffie, that "Davis was a Snitch, and offered 30 PACKS OF BUGLER TOBACCO if they would get someone to get Rid of Davis" [sic]. See

(6)

(Exhibit #B-2&3 "IOC"- TDCJ'S Safe Prison Program Form-SPP-02A).

Defendant McDuffie was Sucessfull in getting Davis Attacked. Suffering Physical Assaults while in Prison is not "Part of the Penalty that Criminal Offenders Pay for their offense against society", Rhodes V. Chapman, 452 U.S. 337,347, 101 S.Ct.2392,69 L.Ed.2d.59 (1981). To Ensure Davis was taken Care of the second HIT, Defendant McDuffie, left his assigned Security Post, the same area towhich Davis was Assaulted, See (Exhibit #B-3;4 Reprimand Form"). McDuffie Duty to Protect Davis was Abdicated to allow THE HIT HE PAID FOR.

The Law was clear during the period of Defendant's actions, or Inactions, that Labeling Davis a Snitch, and not taking steps to Protect Davis, i.e.,(Defendant Tucker)(McDuffie) and Permitted Defendant McDuffie to Hire the Mandingo Warriors Gang, (STG) to Assault Davis, Lucidly violated the Eighth Amendent of The Constitution. As far back as 1981 The Fifth Circuit condeemed Prison officials whom facilitate the Reputation of Snitches Placed on Inmates, See Gullatte V. Potts, 654 F.2d.1007,1012(5th Cir.1981); also See David V. Hill, 401 F.Supp. 2d 749(S.D.Tex.2005) at 756-57 The Courts have long recognized that being labeled a "Snitch" in Prison environment can indeed pose a threat to an inmate's health and safety in violation of the Eight Amendment. See United States V. Henderson, 565 F.2d 900,905(5th Cir.1978)("the life of a 'snitch' in a penitentiary is not very healthy").

"The Substanial Risks of injuries at [Other Inmates] Hands", Reece V. Groose, 60 F.3d 487,488(8th Cir.1995): Harman V. Berry, 728 F.2d 1407,1409(11th Cir.1984); "Labeling Prisoner a Prisoner a Snitch Actionable", Valandingham V. Bojorquez, 866 F.2d 1135-1138-39 (9th Cir.1989); Comstock V. McCrary, 273 F.3d 698,699 n.2(6th Cir.2001) (noting that Prisoner labeled a snitch could become a target for other Prisoner's attacks). Thus, Davis Ask this Court follow the Doctrine

of Stare Decisis.

V.

CONCLUSION:

The Party Moving for Summary Judgment is Entitle to the Benefit of any relevant presumptions that supports the Motion, Coca Cola V. Overland, Inc., 692 F.2d 1250 (C.A.Nev.1982).

The Defendants have made no showing or disproof of Davis claims, Summary Judgment is Mandated to the Liability, if the nonmovant fails to make showing sufficient to establish existence of elements essential to nonmovant's case on which nonmovant bears the burden of proof at trial, Burton V. State Mut. Auto, Inc., Co., 869 F.Supp.480-(S.D. Tex.1994), Affirmed 66 F.3d 319.

The Defendants were Indifferent to Davis Safety by the Pervasive Violence Condoned by Defendants in concert with STG (Mandingo Warriors), Whom Brutally Beat Davis with a Heavy Metal Object in their EFFORTS to "Get Rid of Him", See (Exhibit-B-5), as Paid for by Defendant McDuffie.

Wherefore Premises Considered, Plaintiff Pray this Court Grant Summary Judgment as to Liability herein.

Dated 1st day of October,2007

Respectfully Submitted;

Daryl Davis TDCJ-ID#802738
Michael Unit
P.O.Box 4500
Tennessee Colony,Tx.75886

CERTIFICATE OF SERVICE

Comes now Plaintiff, DARYL DAVIS, Pro-se do hereby certify a true and correct copy of PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, without exhibit's has been placed in the U.S.Mail address to Asst.Attny.General

BRANDY BRAMLETT, at P.O.Box 12584 Austin,TX.78711 _1st_ of October,2007.

Dated the_1st_day of October,2007

Daryl Davis TDCJ-ID#802738
Michael Unit
P.O.Box 4500
Tennessee Colony,TX.75886

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

IN THE STATE OF TEXAS            §
County Of Anderson

                                 §

                                 §

                                 §            Civil Action No.9:07cv19

                                 §

## AFFIDAVIT IN SUPPORT OF SUMMARY JUDGMENT

I, Daryl Davis, Plaintiff, being duly sworn, depose, and says:
I am currently impeded from obtaining relevant discoverable
materials relating to Defendant Wayne Tucker, where the Magistrate
has striken interrogatories sent to this Defendant, without any
legal or factual rational. because Defendant Tucker was Defendant
McDuffie's Supervisor for all times relevant to my claims, A
"Fire-Wall" has been place to Protect him from discovery.

Also, because the Defentants have refused to fully disclose
relevant requested materials that are the subject of my sanction
motion against the Defentants, and because of the deadline of
October 5th,2007, for Summary Judgment, I was unable to obtain any
document(s) regarding Tucker's investigation on May 22&23,2006, of
Officer McDuffie, his Job duty roster for this date, on allowed by
this Court to submit him interogatories, a continuance is needed
in accordance with Rule 56 (F) Fed.R.Civ.P., on this aspect of the
claim.

Also, because my complaint alleges Racial Discrimination in
application of the"Safe-Prison-Program", I have not had any
opportunity to pursue this aspect, due to the limitations of the

Magistrate's order of August,28,2007, in regards to "Plaintiff's request for Production of Documents". As a result, I request a continuance on matters in this lawsuit regarding (1) Racial Discrimination, (2) And the duty owed by Defendant Tucker, untill full disclosure of relevant materials regarding my claims.

I Swear the foregoing statements are true and correct, Pursuant to 28 U.S.C. Sec.1746.

Dated this 1st day of October,2007

Daryl Davis #802738
Daryl Davis TDCJ-ID#802738
Michael Unit
P.O.Box 4500
Tennessee Colony,TX.75886

## CERTIFICATE OF SERVICE

Comes now Plaintiff, Daryl Davis, Pro-se do hereby certify a true and correct copy of Plaintiff's AFFIDAVIT IN SUPPORT OF SUMMARY JUDGMENT has been placed in the U.S.Mail this the 1st day of October,2007 addressed to Asst.Attny.General Brandy Bramlett at P.O.Box 12584 Austin,TX.75886

DATED This 1st day of October,2007

Daryl Davis #802738
Daryl Davis TDCJ-ID#802738

EXHIBIT #B-1

EXHIBIT #B-1

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
**SAFE PRISONS PROGRAM**
**Offender Protection Investigation Form Continued**          **Page 2**

**INVESTIGATOR'S SUMMARY:**                      Offender Davis was assaulted by offender Williams,

Stanley #13626883 K/MW due to the MW clique identifying offender Davis as a snitch who informed staff of

officer McDuffie receiving a soda from another offender. According to information received from 3 different

interviews and confidential informants, Officer McDuffie paid the MW clique to assault offender Davis base on

the allegations labeling offender Davis as a snitch. Offender Davis according to offender Sanders was

assaulted one time 2 days previous to the assault that staff was aware of and has been labeled as a target of

the MW clique. Offender Davis stated during an previous interview that he did not want a unit transfer nor did

he want to file a LID claim. Due to the documented assault on offender Davis as well as the unverified assault

that was alleged to have taken place on him as well as information gathered that there was a contracted hit

placed on offender Davis, it is the recommendation of the Safe Prisons Office that offender Davis be reviewed

by UCC due to the potential threat to his safety.


See attached IOC's for additional information pertaining to the incident.

---

## OFFENDER WAIVER STATEMENT

I AM REQUESTING THAT NO FURTHER ACTION BE TAKEN BY THE _____ UNIT REGARDING MY

REQUEST FOR: *(CHECK ONE)* ☐ SAFEKEEPING   ☐ ADMINISTRATIVE SEGREGATION PROTECTIVE CUSTODY

☐ TRANSFER   ☐ OTHER _____. THE SITUATION HAS BEEN RESOLVED

AND I NO LONGER REQUIRE PROTECTION/TRANSFER. I UNDERSTAND THAT THE ALLEGATIONS I MADE

WHICH RESULTED IN THIS INVESTIGATION WILL NOT BE INVESTIGATED AGAIN UNLESS THERE IS NEW

EVIDENCE THAT SHOULD WARRANT ANOTHER INVESTIGATION.

BY MY SIGNATURE BELOW, I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THE ABOVE STATEMENT

AND I AM SIGNING THIS STATEMENT OF MY OWN FREE WILL.


OFFENDER SIGNATURE _____      TDCJ # _____      DATE _____

---

**INVESTIGATOR'S SIGNATURE:** _Sgt S.Neal USPC_          **DATE:** 6/8/06

**DATE AND TIME REVIEWED BY MAJOR OR DESIGNEE:** _____ 6/8/06   0930

**MAJOR OR DESIGNEE SIGNATURE:** _____

cc:   Offender Unit File, SCC File
SPP-02A  (1-1-2005)

EXHIBIT #B-2

Exhibit #B-2

## Texas Department of Criminal Justice
### INSTITUTIONAL DIVISION
### Safe Prisons Program
### Inter-Office Communications

To    **Sgt. S. Neal**         Date     **02 June 2006**

From    **D. DeZeeuw CO4 TL EIT**     Subject    **STG Unity**

On 01 June 06 in the STG office, I interviewed Confidential Informant #ST115, an informant that has provided reliable information to the STGO in the past. This informant stated that on 4 Rec Yard, the offenders that are known to the offender population to be STG leaders gathered around and discussed issues regarding "the snitches on this unit", and what to do with them. The informant went on to say the incident that happened in 3 Bldg. B pod 1 Section Dayroom on 29 May 2006 was because offender Davis, Daryl #802738 told on offender Flores, Roman #914216 for giving Officer McDuffie 2 sodas and 2 ice creams from the commissary. CI #ST115 stated that it is known that Officer McDuffie told the Hispanic offenders he is "dealing with" that he would bring them 30 packs of Bugler tobacco if they would get someone to "get rid of Davis". Therefore, the Hispanic offenders "hired" the Mandingo Warrior members to assault offender Davis. Offender Williams, Stanley #1326883 Known Mandingo Warrior has been charged with the assault that took place on 29 May 2006, validating this information.

I will continue to investigate this matter because several STG members have arrived on our unit in recent months from the Darrington Unit, where the STG leaders had united and began assaulting offenders that they thought were telling the administration where their cell phones, drugs, cash money, and other illegal items were being hidden and in excess of 20 cell phones were recovered.

CC:   STG Office
      Warden Alford
      Major Miller

Photocopy of OIG Case to: Litigation Support
Date sent: 07/13/2007     Sent by: dw
Office of the Inspector General-Records Release Section
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

0244

EXHIBIT #B-3

Exhibit #B-2

PD-22
Attachment C

## Texas Department of Criminal Justice
## NOTIFICATION OF EMPLOYEE HEARING   OIG Case #
                                        MUOF #

DATE: 06/06/2006      TO: McDuffie, Michael R      SSN:

UNIT/FACILITY/DEPT.:   POLUNSKY UNIT      PAYROLL JOB TITLE:  Correctional Officer III

You are scheduled for an Employee Hearing to be held at   WARDEN'S OFFICE   at   9:45   on   06/08/2006
                                                                              (AM/PM)      (MM/DD/YYYY)

The Employee Hearing will be convened to consider allegations of rule violation(s) against you as referenced in

The specific offense as listed in the "Guidelines for Disciplinary Actions," is/are:

No.  38L2      Violation:  Trafficking and/or Trading
No.  _____   Violation:  _____
No.  _____   Violation:  _____

Synopsis of Incident(s):   On May 22, 2006, Officer McDuffie was interviewed by Lt. Tucker in regards to allegations that he had an offender bring him cokes and ice cream from the commissary. Officer McDuffie stated that he refused the commissary

Please be advised that you may:

1. Make a one-time request that the Employee Hearing be rescheduled within 30 days if you are on approved sick leave. The request to reschedule the hearing must be made within 48 hours of receipt of this form.
2. Upon request, be provided copies by the reprimanding authority of the evidence supporting the alleged violation(s) that is subject to disclosure. To obtain copies of evidence that is not subject to disclosure (e.g., confidential portions of IAD and EEO reports), you must request the documents in writing through an Open Records request. The request will be processed in accordance with the rules governing an open records request, and the requested documents may not be available before the Employee Hearing.
3. Present oral or written statements in your behalf.
4. Present witnesses (at no expense to the Agency other than paid time for employees serving as witnesses) or present statements from witnesses in your behalf.
5. Ask questions of person(s) who appear at the Employee Hearing as witnesses against you (confidential informants may be questioned only at the Reprimanding Authority's discretion);
6. Have a representative of your choice present at and participate in the proceedings as outlined in the Guidelines For Employee Hearings on the reverse of this form.

I [✓] do  [ ] do not wish to appear at the Employee Hearing. I understand my failure to appear without prior notice may constitute a waiver of the right to an Employee Hearing and that the Employee Hearing may be conducted in absentia.

[ ] I wish to waive the 24-hour Notice of Employee Hearing. I understand that the Reprimanding Authority or designee may reschedule the hearing to be held earlier than the date and time indicated above. I will be notified in writing of the rescheduled time and date prior to the hearing.

[✓] I do not wish to waive the 24-hour Notice of Employee Hearing.

Today's Date: 6/06/06    Time Notified: 1326    [ ] A.M. [✓] P.M

_Michael M°Duffie_
Employee's Signature

Note to Employee: With few exceptions, you are entitled upon request: (1) to be informed about the information the agency collects about you; and (2) under Sections 552.021 and 552.023 of the Government Code, to receive and review the collected information. Under Section 559.004 of the Government Code you are also entitled to request, in accordance with the agency's procedures, that incorrect information that the agency has collected about you be corrected.

## Notification of Rescheduled Employee Hearing

The Reprimand Authority or designee has rescheduled the hearing to be held earlier than the date and time indicated above.

The rescheduled hearing will be held at: _____ at _____ on _____    _____
                                                              (AM/PM)    (MM/DD/YYYY)    Employee's Initials/Date & Time

PERS 184 (09/02)                                               (Guidelines for Employee Hearing on Reverse)
                                                                                            00004

EXHIBIT #B-4

*Started @ 11:00 A.M.*
*Ended @ 11:17 A.M.*

**EXHIBIT B**

PD-22
Attachment E

## Texas Department of Criminal Justice

DA # _____

### REPRIMAND FORM

OIG Case # _____

MUOF # _____

| | | | |
|---|---|---|---|
| Employee Name: | McDuffie, Michael R. | SSN: | 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 |
| | (Last, First MI) | | |
| Payroll Job Title: | Correctional Officer III | Unit/Facility/Dept: | POLUNSKY UNIT |

Date(s) of Violation(s): _____ May 30, 2006 _____   Date Pre-Hearing Investigation Completed: 06/01/06

FINDINGS (circle): GUILTY

| No. | 4L2 | Violation | Leaving a Security/Duty Post | (Yes)/No |
|---|---|---|---|---|
| No. | | Violation | | Yes/No |
| No. | | Violation | | Yes/No |

Synopsis of Incident(s):  On May 30, 2006 Officer McDuffie was observed by Sgt. Foisic and Cpt Boston standing by the mail boxes in 3 Bldg. rotunda area eating food and not on his assigned duty post which was 3 B pod Rover.

Offender(s) involved (Name/TDCJ Offender ID#), if applicable: _____

DISCIPLINARY ACTION:
Previous Violation(s): ☒ YES ☐ NO  If yes, list violation number(s) and date(s): 38L2  6/8/06 (5/22/06)
Check and complete one or more of the following:
_____ REPRIMAND ONLY
✓ DISCIPLINARY PROBATION:  10  Calendar Months Beginning: 12/08/06  Ending:* 10/07/07
       *Note to Employee: If you are on a full calendar month of leave without pay during your period of disciplinary probation, including a full calendar month of suspension without pay, the probation period ending date will be adjusted by adding one full calendar month to the original ending date. If you are in a career program/ladder position, any period of disciplinary probation and an adjusted disciplinary probation ending date will postpone future career ladder/program salary adjustments. Months on disciplinary probation will not count as months of satisfactory active service toward any future career ladder level.
✓ SUSPENSION WITHOUT PAY:  2  Workdays Beginning: 06/09/06  Return: 06/15/06
       _____ Workweeks Beginning: _____  Return: _____
       Adjusted Disciplinary Probation Ending Date Due to Full Calendar Month of Suspension Without Pay: _____
_____ REDUCTION IN PAY (Copy of Payroll Status change attached)
_____ DEMOTION (Copy of Payroll Status change attached)

**RECEIVED**

_____ DISMISSAL RECOMMENDED, WITH FOLLOWING ACTION DURING INTERIM:
       _____ Involuntary Use of Compensatory Time/Holiday Time
       _____ Voluntary Use of Overtime/Vacation Time (Attach a copy of Leave Application)
       _____ Suspension Without Pay (Not to report to work beginning _____)
       _____ Job Change to Another Position
       _____ Administrative Leave (Can only be granted by the Executive Director)

**JUN 14 2006**

**Labor Relations**

_____ NO DISCIPLINE IMPOSED (Provide explanation in space below.)
DISCIPLINE IS: ☒ Within ☐ Above ☐ Below the guidelines. (Provide explanation if above or below the guidelines.)
If this violation was a violation of rule #24 or Rule #25, check one of the following: This violation ☐ Did ☐ Did Not involve an aggravated use of excessive force.
EXPLANATION (If no discipline was imposed or if discipline was above or below the guidelines.): _____

Loyd Massey, WARDEN II                      *L. D. Massey*                      06/08/06
Reprimanding Authority/Title (printed)                      Signature                      Date

**Employee's Acknowledgment:** I have been advised of the procedures of progressive disciplinary actions, and my right to file a grievance. I acknowledge receipt of a copy of this reprimand and know that the original will be placed in my Employee Master Personnel File. If recommended for dismissal, I verify that the following are my current address and phone number:

Mailing Address: _____

Phone Number, Including Area Code: _____

Employee Signature: ✗ *M. McDuffie*                      Date: ✗ 6/8/06
Note to Employee: With few exceptions, you are entitled upon request: (1) to be informed about the information the agency collects about you; and (2) under Sections 552.021 and 552.023 of the Government Code, to receive and review the collected information. Under Section 559.004 of the Government Code, you are also entitled to request, in accordance with the agency's procedures, that incorrect information that the agency has collected about you be corrected.

EXHIBIT #B-5

Exhibit B5

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## OFFICE OF THE INSPECTOR GENERAL - INVESTIGATIONS DEPARTMENT

# CRIMINAL CASE INFORMATION WORKSHEET

(1) __06-1481TDCJ__   (2) __TL__   (3) __05-27-2006__   (4) __07-20-2006__
    CRIMINAL CASE NUMBER        UNIT OR LOCATION        DATE OF OFFENSE        DATE CASE OPENED

(5)

| VICTIM, COMPLAINANT, OR WITNESS | V/C/W | TDCJ NUMBER / RANK | DOB | RACE | SEX | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|
| DAVIS, DARYL | V | 00802738 | 09-08-1963 | B | M | 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 |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

(6)

| SUSPECT'S NAME | TDCJ NUMBER / RANK | DOB | RACE | SEX | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|
| SANDERS, TROY ANTOIN | 00706136 | 04-28-1975 | B | M | - - |
| WILLIAMS, STANLEY JAMES | 01326883 | 01-29-1981 | B | M | - - |
|  |  |  |  |  |  |

(7) __OFFENDER ALLEGES THAT HE WAS HIT IN THE FACE AND HEAD WITH A SOCK THAT__

__CONTAINED A HEAVY METAL OBJECT. HE HAD INJURIES AND HE HAS WITNESSES NAMES.__

_OPENED BY HV_
SUMMARY OF OFFENSE

(8) EXACT LOCATION OF INCIDENT: __POLUNSKY UNIT__

(9) VIOLATION OF STATE STATUTE(S): __PC 22.02__   __AGGRAVATED ASSAULT__

WHICH IS A __2nd__ DEGREE FELONY or A CLASS _____ MISDEMEANOR.

(10) INVESTIGATOR INITIALS: _____   OPENED BY: __PSE__

REQUEST FOR CASE OPENING

|  |  |
|---|---|
|  | Concur ( ) |
|  | Non-Concur ( ) |
| INVESTIGATOR SIGNATURE    DATE    TEAM CAPTAIN | |
| _RXB_    COMMANDER | |

Photocopy of OIG Case to: Appproved Report ( )
Disapproved ( )
Date sent: 07/13/2007   Sent by: dw
Office of the Inspector General-Records Release Section
UNAUTHORIZED COPYING OR VIEWING PROHIBITED

IA-03C (Rev. 07/03)

DARYL DAVIS
#802738
Michael Unit
P.O.Box 4500
Tennessee Colony,TX.75886






U.S.DISTRICT COURT
Eastern District of Texas
104 N. Third
Lufkin,TX.75901