IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DARYL L. DAVIS | § | |
| | § | |
| V. | § | Civil Action No.9:07-CV-19 |
| | § | |
| | § | JUDGE RON CLARK |
| MICHAEL R. MCDUFFIE | § | |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 0 6 2010

DAVID J. MALAND, CLERK
BY
DEPUTY_____

PLAINTIFF'S DAVIS WRIT OF EXECUTION

Comes now Plaintiff Daryl L. Davis, in the above cause and style, and files this writ of execution in regards to a Jury Verdict and Court Order handed down in this cause.

On 4/14/10 a jury handed down a favorable verdict on behalf of the Plaintiff against Defendant Michael McDuffie. On 8/25/10 this Honorable Court issued the Order and Final Judgment in this cause.

I.

Supplemental Jurisdictional Statement

This Honorable Court has supplemental jurisdiction to issue a writ of execution against the defendant Michael McDuffie and order that the State of Texas is required to indemnify the actions of the defendant, putsuant to Texas Civil Practice and Remedies Code, Sections 104.001, 104.002, and 104.003.

Under Texas Law, a post-judgment garnishment is ancillary to the original proceedings and is the extension and enforcement of the trial Court's judgment. See Matter V. Bohart, 743 F.2d 313 (5th Cir.1984). Specifically pursuant to Texas Civil Practice and Remedies Code Sections 104.002 (a) (2) the State of Texas is Liable for indemnification for defendant

McDuffie's actions when damages are based on an act or omission by the person in the scope of the person's officer, employment, or contractual performance for service on behalf of the agency, institution, or department and if the damages arise out of a couse of action for deprivation of a right, privilege, or immunity secured by the constitution [of the] United States.

Pursuant to Texas Civil Practice and Remedies Code, Section 104.001 conduct described in Section 104.002, the State [of Texas] shall indemnify the following persons: An employee - officer of a State Agency, institution or department. Defendant McDuffie at the time of him violating Plaintiff's 8th Amendment Civil Rights was an employee of TDCJ acting under the color of law. Section 104.001 (2) even covers Defendant McDuffie's actions when now at the time McDuffie is a fomer employee with the TDCJ-ID. Clearly the Legislature in enacting Texas Civil Practice and Remedies Code Section 104.002, the legislature invokes any deprivation rights secured by the U.S. Constitution and once the U.S. Constitution is invoked the Federal Courts should have exclusive jurisdiction concerning U.S. Constitutional matters. This proceeding is a continuation of the original civil cause of action of Plaintiff's 8th Amendment Claim.

II.

State Liability For Conduct Of Public Servants

Chapter 104  Texas Civil Practice and Remedies Code

104.001 State Liability; Person Covered

104.002 State Liability; Conduct Covered

104.003 Limits on Amount of Recoverable Damages.

104.001 State Liability; Person Covered:

In a cause of action based on conduct described in 104.002, the state shall

2

indememnify the following persons, without regard to whether the persons performed theri services for compensation, for actual damages, court costs, and attorney's fee adjudged against:

104.001 (2) a former employee, former member of the governing board, or any other former officer of a state agency, institution, or department who was an employee or officer when the act or omission on which the damages are based occurred.

104.002 State Liability; Conduct Covered:

(a) Except as provided by Subsection (b) the state is liable for indemnification under this chapter only if the damages are based on an act or omission by the person in the course and scope of the person's office, employment, or contractual performance for service on behalf of the agency, institution, or department and if:

(2) the damages arise out of a cause of action for deprivation of a right, privilege, or immunity secured by the constitution or laws of this state, except when the court in its judgment or the jury in its verdict finds the person acted in bad faith, with conscious indifference or reckless disregard.

104.003 Limits on Amount of Recoverable Damages:

(a) Except as provided by Subsection (c) or a specific appropriation, state liability for indemnification under this chapter may not exceed:

(1) $100,000 to a single person indemnified and, if more than one person is indemnified, $300,000 for a single occurrence in the case of personal injury, death, or deprivation of a right, privilege, or immunity.

III.

Argument

Here in this case Defendant Michael R. McDuffie acting under the color of law as a TDCJ-CID employee violated the Plaintiff's Daryl L. Davis 8th Amendment Rights which were secured to the Plaintiff by the 8th Amendment to the U.S. Constitution, and nowhere in the Jury's Verdict or in the Court's Judgment dose the three phrases:

(1) acted in bad faith;

(2) conscious indifference; or

(3) reckless disregard appear.

As such pursuant to Texas Civil Practice and Remedies Code Section 104.002 (a)(2) the State of Texas is liable for Defendant McDuffie's conduct. Subsection (b) of Subsection (a) doesnot apply here. See Plaintiff's exhibit _A_ the Jury's Verdict Form signed by the Jury's Foreman, also See Plaintiff's exhibit _B_ the Court's Judgment issued by this Court.

Pursuant to Texas Civil Practice and Remedies Code Section 104.003 Limits on Amount of Recoverable Damages (a)(1) the State of Texas is allowed to indemnify the Plaintiff up to a $100,000 dollars. In this case the jury's verdict awarded the Plaintiff _$25,000.00_ . The Court in its Judgment on the jury's verdict ordered that Defendant Michael R. McDuffie is to pay the Plaintiff Daryl L. Davis _$25,000.00_, with 5% interest rate for pre-trial judgment verdict and 0.25% post-judgment fees. The Court also ordered Costs of Court. In this case the Plaintiff paid in the amount of _$350.00_ to file this complaint against Defendant McDuffie in the U.S. District Court, Eastern District of Texas, Lufkin Division. Plaintiff paid in the amount of _$455.00_ to file with the Fifth Circuit Court of Appeals, appealing the dismissal of this complaint. Here Plaintiff is entitled to recover in the amount of _$805.00_ in Court costs.

Plaintiff is allowed to recover at this time from the State of Texas

4

indemnifying Defendant McDuffie $25,000.00 the jury's verdict $2,100.00 at the interest rate of 5% from pre-judgment filing from January 16, 2007 thur August 25, 2010; and $805.00 Court cost, for the total amount of $27,905.00. Pursuant to Texas Civil Practice and Remedies Code Sections 104.001 (2); 104.002 (a) (2); and 104.003 (a) (1) on behalf of Defendant Michael R. McDuffie the State of Texas is liable to pay out of her comptroller's office, a check written to the Plaintiff Daryl L. Davis in the amount of $27,905.00.

## Prayer

The Plaintiff Daryl L. Davis now prays that this Honorable Court Grants this his writ of execution to execute the State of Texas to indemnify on behalf of Defendant McDuffie in the amount of $27,905.00 to be paid at this time from the proper place that these funds should come from.

## Certificate of Service

I do hereby certify that a true copy of this writ of execution has been place in the U.S. Mail addressed to Nadine Phillpotts, Assiatant Attorney General at P.O. Box 12548, Austin, TX.78711; without exhibit's A and B.

Executed on this the 28th day of September 2010

Daryl L. Davis
Daryl L. Davis
TDCJ-ID# 802738
Michael Unit
2664 FM 2054
Tennessee Colony, TX.75886

Plaintiff's Exhibit __A__

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED
P.M. _APRIL 14_ 20 10
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

| | | |
|---|---|---|
| DARYL L. DAVIS, | § | |
| *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 9:07CV19 |
| MICHAEL R. MCDUFFIE, | § § | JUDGE RON CLARK |
| *Defendant.* | § § § | |

## JURY VERDICT FORM

### QUESTION NO. 1

Do you find from the preponderance of the evidence that Defendant Michael R. McDuffie deliberately, for the purpose of inflicting injury on Mr. Davis, paid or provided items of value to other inmates to assault Mr. Davis? Answer "YES" or "NO"

Answer: _yes_

If you answered "YES" to Question No. 1, please go on to Question No. 2. Otherwise, please go to the end of these questions and have the Foreperson initial and date this Jury Verdict Form in the space provided.

### QUESTION NO. 2

Do you find that such action by Mr. McDuffie was a proximate cause of some injury to Mr. Davis?

Answer: _yes_

If you answered "YES" to Question No. 2, please go on to Question No. 3. Otherwise, please go to the end of these questions and have the Foreperson initial and date this Jury Verdict Form in the space provided.

1

Plaintiff's Exhibit A

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Daryl L. Davis for compensatory damages, if any, proximately caused by Defendant Michael R. McDuffie? Answer in dollars and cents, if any:

Answer:   $ *10,000.00*

If you awarded damages to Plaintiff Daryl L. Davis in Question No. 3, then please answer Question No. 4. Otherwise, please go to the end of these questions and have the Foreperson initial and date this Jury Verdict Form in the space provided.

## QUESTION NO. 4A

Do you find that punitive damages should be assessed against Defendant Michael R. McDuffie under the law given to you by the Court? Answer "YES" or "NO"

Answer:   *yes*

If you answered "YES" to Question No. 4A, then please answer Question No. 4B. Otherwise, go to the end of these questions and have the Foreperson initial and date this Jury Verdict Form in the space provided.

## QUESTION NO. 4B

What sum of money, if any, do you award as punitive damages? Answer in dollars and cents.

Answer:   $ *15,000.00*

Please have the Foreperson initial and date this Jury Verdict Form in the space provided.

DATE *4/14/2010*           INITIALS OF FOREPERSON _____

2   Plaintiff's Exhibit  A

Plaintiff's Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DARYL L. DAVIS, | § § | |
| Plaintiff, | § § | Civil Action No. 9:07-CV-19 |
| v. | § § | JUDGE RON CLARK |
| MICHAEL R. MCDUFFIE, | § § § | |
| Defendant. | § | |

## FINAL JUDGMENT

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury verdict of April 14, 2010, it is hereby ORDERED that Plaintiff Daryl L. Davis shall recover of and from Defendant Michael R. McDuffie[1]:

1. Ten Thousand Dollars ($10,000) in compensatory damages found by the jury;

2. Fifteen Thousand Dollars ($15,000) in punitive damages found by the jury;

3. Pre-judgment interest on the $10,000 compensatory damages award at the rate of 5%;

4. Post-judgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961 at the rate of 0.25%; and

5. Costs of court.

---

[1] Of the other Defendants originally in this suit, all but Mr. McDuffie and Wayne N. Tucker were dismissed with prejudice on July 17, 2007. Doc. # 45. This dismissal was not appealed. The court later granted summary judgment on qualified immunity and entered judgment in favor of Messrs. McDuffie and Tucker, Docs. # 98, 99, which was affirmed by the Fifth Circuit as to Mr. Tucker and reversed as to Mr. McDuffie. *Davis v. Tucker*, 322 F. App'x 369 (5th Cir. 2009). The case proceeded to trial in April 2010 with Mr. McDuffie as the only remaining Defendant.

1    Plaintiff's Exhibit B

IT IS FURTHER ORDERED that the mediation reference to United States Magistrate Judge Keith Giblin is VACATED.

IT IS FURTHER ORDERED that the reference to United States Magistrate Judge Judith Guthrie is VACATED.

IT IS FURTHER ORDERED that Plaintiff Daryl L. Davis's counsel, Roger Neil Moss, is relieved of all responsibilities associated with this case, effective immediately.

IT IS FURTHER ORDERED that all relief not specifically granted herein, including all pending motions, is DENIED. This is a final, appealable judgment.

So **ORDERED** and **SIGNED** this **25** day of **August, 2010.**

*Ron Clark*
_____
Ron Clark, United States District Judge

2   Plaintiff's Exhibit B

Daryl Davis
#802738
Michael Unit
2664 FM 2054
Tennessee Colony, Tx. 75886

28 September 2010

UNITED STATES DISTRICT COURT
For The Eastern District of Texas
    Lufkin Division
c/o Clerk / Beaumont Division
300 Williow St.
P.O. Box 3507
Beaumont, Tx. 77704-3507

Re: Requesting the filing of this Writ of Execution
    with the Court in the Cause of:
    Davis v. McDuffie, Civil Action No. 9:07 cv 19

Dear Clerk,
    Comes now the Plaintiff Daryl Davis, in this Cause of Davis v. McDuffie, Civil Action No. 9:07 cv 19, asking you would you file this writ of execution with the Court for a ruling before the Honorable Judge Clark.
    I am sending this writ for filing in the Court to you in the Beaumont Division because when sending letter's requesting document's and/or filing of documents to the clerk in the Lufkin Division often times I receive no response, or they either

1

in up in the hands of U.S. Magistrate Judge Judith K. Guthrie, such as the letter I sent to the Clerk of the Court in the Lufkin Division request the Jury Verdict Form.

Some way Magistrate Guthrie received the letter of request and turned it into a motion, issuing an order, after a final judgment being issued vacating her duties.

I am sending to you for filing a 5 pages writ of execution plus 4 pages of exhibit's, titled exhibit A, and B, with 2 cover sheets, for a total of 11 pages.

Would you Please file these documents with the Court, make a copy of this cover letter and file stamp it, and return to me. Please know that I am greatful for you assistance in this matter.

Thank you for your time, and assistance.

Sincerely,

Daryl Davis

2

Mr Daryl Davis
#1328
Michael Unit
2664 FM 2054
Tennessee Colony, Tx. 75886

**CLERK, U.S DISTRICT COURT**
**RECEIVED**
**OCT 05 2010**
**EASTERN DIST. OF TEXAS**

Lufkin

UNITED STATES DISTRICT COURT
For The Eastern District Of Texas
To: Clerk
300 Willow St.
P.O. Box 3507
Beaumont, Tx. 77704-3507



