IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| DARYL L. DAVIS, § | |
| TDCJ-CID# 802738 § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 9:07-CV-19 |
| § | |
| MICHAEL MCDUFFIE, § | |
|    Defendant. § | |

**DEFENDANT MCDUFFIE'S RESPONSE TO PLAINTIFF'S WRIT OF EXECUTION**

Defendant Michael McDuffie, by and through his counsel, files this Response to Plaintiff's Writ of Execution. In support thereof, Defendant respectfully offers the following:

**I. STATEMENT OF THE CASE**

Plaintiff Davis filed suit against Defendant McDuffie under 42 U.S.C. § 1983 for failing to protect him from attacks by other inmates. A jury ruled in favor of Plaintiff and awarded him damages. *Docket Entry No. 216.* A final judgment was entered against Defendant McDuffie to pay damages to Plaintiff. *Id.* Now, Plaintiff asks this court to order the State of Texas to pay the damages on behalf of defendant.

**II. RESPONSE TO PLAINTIFF'S WRIT OF EXECUTION**

1. Plaintiff Davis filed a writ of execution asking this court to order the State of Texas to pay $27,905 to him on behalf of Defendant McDuffie.

2. Plaintiff alleges that the State of Texas is required to indemnify Defendant McDuffie pursuant to the Texas Civil Practice and Remedies Code sections 104.001, 104.002, and 104.003.

3. Defendant opposes Plaintiff's motion for the following reasons: 1) this court lacks jurisdiction over the State of Texas; 2) the State of Texas has not waived its immunity under

      the Eleventh Amendment, 3) sections 104.001 and 104.003 Texas Civil Practice and Remedies Code does not authorize indemnification and 4) indemnification is barred by the Texas Civil Practice and Remedies Code § 104.002(a)(2).

4. The Eleventh Amendment to the United States Constitution deprives a federal court of jurisdiction to preside over a lawsuit against a state. *Richardson v. Southern Univ.*, 118 F.3d 450, 452 (5th Cir. 1997). A state may waive its sovereign immunity and consent to suit against it in federal court. *Pennhurst State Sch. & Hosp. V. Halderman*, 465 U.S. 89, 99(1984). The state's consent must be expressed unequivocally. *Id* at 99.

5. The State of Texas has not waived immunity and the Texas Civil Practice and Remedies Code § 104.002(a)(2) does not constitute a waiver of immunity. *Montana v. Patterson*, 894 S.W.2d 812, 815 (Tex.App. Tyler 1994).

6. The purpose of sections 104.001 and 104.003 of Texas Civil Practice and Remedies Code is to indicate which state officials are covered under section 104.002 and the limits on the amount of money if the state is liable for indemnification under section 104.002; thus, sections 104.001 and 104.003 of Texas Civil Practice and Remedies Code do not obligate the state to indemnify Mr. McDuffie

7. Pursuant to the Texas Civil Practice and Remedies Code § 104.002(a), there are three occasions when the state is liable for indemnification of a state official "acting in the course and scope of the person's office, employment or contractual performance."

8. First, the state is liable for damages arising out of a negligence claim. *Tex. Civ. Prac. & Rem. Code* § 104.002(a)(1). That section is not applicable to the United States constitutional claim raised in this case.

9. Second, the state is liable for damages arising out of "a cause of action secured by the constitution or laws of [Texas] or the United States, **except when the court in its judgment or the jury in its verdict finds that the [official] acted in bad faith, with conscious indifference or reckless disregard**...."*Tex. Civ. Prac. & Rem. Code* § 104.002(a)(2).

10. Although the damages arising out this lawsuit stems from a cause of action secured by the United States constitution, the exception portion of that section is applicable in this case.

11. The jury was instructed that punitive damages may be awarded if they find that "Mr. McDuffie acted with malice or wilfulness or with callous and reckless indifference to the safety or rights of others," that is, "in disregard of a high and excessive degree of danger," which he knows of "or which would be apparent to a reasonable person in his condition." *Docket Entry No. 190.*

12. The jury awarded Plaintiff punitive damages in the amount of $15,000; thereby, they found that Mr. McDuffie acted with malice or reckless indifference or disregard. *Docket Entry No. 192.*

13. The state's liability for indemnification was, thus, removed upon the jury's finding that there was evidence to support a punitive damage award.

14. Third, the state is liable for damages if "indemnification is in the interest of the state as determined by the attorney general or his designee." *Tex. Civ. Prac. & Rem. Code* § 104.002(a)(3).

15. The Attorney General or his designee has not made such a determination on indemnification in this case.

16. Accordingly, the state is not liable for indemnification of Mr. McDuffie pursuant to the

Texas Civil Practice and Remedies Code 104.002.

17. For the above reasons, Defendant ask this Court to deny Plaintiff's writ of execution and all relief requested in that writ.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**BILL COBB**
Deputy Attorney General for Civil Litigation

**RUTH R. HUGHS**
Director of Defense Litigation

**DAVID A. TALBOT, JR.**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Nadine Phillpotts
NADINE PHILLPOTTS
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24058045

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080 / Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANT MCDUFFIE**

**NOTICE OF ELECTRONIC FILING**

I, NADINE PHILLPOTTS, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the Eastern District of Texas, on this the 12th day of October 2010.

/s/ Nadine Phillpotts
NADINE PHILLPOTTS
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, NADINE PHILLPOTTS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant McDuffie's Response to Plaintiff's Writ of Execution** has been served by placing the same in the United States mail, postage prepaid, on this the 12th day of October 2010 addressed to Plaintiff:

Daryl Davis, TDCJ # 802738
Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886
*Pro Se*

/s/ Nadine Phillpotts
NADINE PHILLPOTTS
Assistant Attorney General