IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DARYL L. DAVIS, #802738 | § | |
| VS. | § | CIVIL ACTION NO. 9:07cv19 |
| MICHAEL R. MCDUFFIE | § | |

O R D E R

Came on for consideration, Plaintiff's motion for writ of execution (docket entry #224) and first supplemental motion for writ of execution (docket entry #226), along with Defendant McDuffie's response (docket entry #225). On April 14, 2010, a jury returned a verdict awarding Plaintiff $10,000 in compensatory damages and $15,000 in punitive damages. A judgment was entered in accordance with the verdict on August 25, 2010. Plaintiff is attempting to obtain an order compelling the State of Texas to pay the judgment through the indemnification statutes located in Chapter 104 of the Texas Civil Practice and Remedies Code. McDuffie argued in response that the motion should be denied for the following four reasons: (1) the Court lacks jurisdiction over the State of Texas; (2) the State of Texas has not waived its immunity under the Eleventh Amendment; (3) Sections 104.001 and 104.003 of the Texas Civil Practice and Remedies Code does not authorize indemnification; and (4) indemnification is barred by Section 104.002(a)(2) of the Texas Civil Practice and Remedies Code.

The federal rules provide that a writ of execution is to be carried out in accordance with the practice and procedures of the state in which the district court is located. Fed. R. Civ. P. 69. *See also Miller v. Stonehenge/FASA-Texas, JDC, L.P.*, 903 F.Supp. 461, 465 n.3 (N.D. Tex. 1998). The Supreme Court discussed Texas rules regarding a writ of execution in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S.1, 4-5 (1987). Plaintiff's attempt to collect against the State of Texas via Sections 104.001

through 104.003 of the Texas Civil Practices and Remedies Code, however, lack merit. These provisions merely concern indemnification of state employees and do not create a cause of action nor create a waiver of immunity. *Montana v. Patterson*, 894 S.W.2d 812, 815 (Tex. App. - Tyler 1994). *See also Thomas v. Flangin*, No. 3:00-CV-0412-P, 2001 WL 609646 at *5 (N.D. Tex. May 31, 2001).

It is further noted that even if Plaintiff was potentially entitled to collect from the State of Texas because of the indemnification statutes, he would not be entitled to collect in this case. A state employee is entitled to rely on the provisions of Texas Civil Practices and Remedies Code to be represented and indemnified, provided that the exceptions in § 104.002 do not apply. *See McCartney v. May*, 50 S.W.3d 599, 606 (Tex. App. - Amarillo 2001). The response filed in the present case appropriately cited the exceptions. The State of Texas is not liable "when the court in its judgment or the jury verdict finds that the person acted in bad faith, with conscious or reckless disregard." Tex. Civ. Prac. & Rem. Code § 104.002(a)(2). In awarding Plaintiff punitive damages, the jury found that McDuffie acted with malice or wilfulness or with callous and reckless indifference. As such, the exception to indemnification applies in this case and the State of Texas is not liable for indemnification. The Plaintiff is entitled to collect against McDuffie personally in accordance with Texas law, but he is not entitled to receive any money from the State of Texas. It is therefore

**ORDERED** that Plaintiff's motion for writ of execution (docket entry #224) and first supplemental motion for writ of execution (docket entry #226) are **DENIED**.

So **ORDERED** and **SIGNED** this **15** day of **October, 2010.**

_____
Ron Clark, United States District Judge